## United States Bankruptcy Court
## Northern District of Illinois
## Eastern Division

| | |
|---|---|
| In Re:  Lynette Griffin ) | Case # 10-51807 |
| ) | Judge Schmetterer |
| Debtor ) | Chapter 13 |
| ) | |
| ) | |
| Lynette Griffin, ) | |
| Plaintiff, ) | |
| v. ) | ADV. No. 11-00308 |
| United Guaranty Residential Insurance Co of NC, ) | |
| Defendants. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Findings of Fact:
### A. The Parties

1. The Plaintiff is Lynette Griffin ("Plaintiff").

2. The Defendant is United Guaranty Residential Insurance Co of NC ("Defendant").

### B. Factual Background

1. On November 19, 2010, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 5834 S Calumet Avenue, Unit 1, Chicago, IL 60637.

3. That Wells Fargo holds a first mortgage lien on the real property commonly known as 5834 S Calumet Ave, Unit 1, Chicago, IL 60637, with a secured claim of $142,026.00 pursuant to Plaintiff's Schedule D.

4. The Defendant holds a second mortgage lien on the real property commonly known as 5834 S Calumet Ave, Unit 1, Chicago, IL 60637 in the approximate amount of $19,954.97 pursuant to the proof of claim filed by Defendant on January 7, 2011.

5. That Plaintiff obtained a comparative market analysis of the property on August 12, 2010 indicating the value of 5834 S Calumet Ave, Unit 1, Chicago, IL 60637 as $41,000.00.

6. The first mortgage lien of Wells Fargo is a secured claim based on the mortgage recorded on May 1, 2006 as document number 0612135300 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Defendant is a secured claim based on the mortgage recorded on June 9, 2006 as document number 0616005023 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $229.00 per month for 60 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On January 24, 2011, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 5834 S Calumet Ave, Unit 1, Chicago, IL 60637.

11. That on January 24, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by Regular US Mail, postage prepaid to an officer of the Defendant at PO Box 20327, Greensboro, NC 27420, and upon the registered agent, United States Corporation Co, at 33 N LaSalle St, Chicago, IL 60602.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the comparative market analysis value of $41,000.00

15. The first secured claim of Wells Fargo in the amount of $142,026.00 exhausts the value and equity in Plaintiff's residence.

16. There is no value or equity to support the claim of the Defendant.

## Conclusions of Law
### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument
1. This action was initiated under 11 U.S.C. § 506(a) and F.R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of Wells Fargo in the amount of $142,026, and the second secured claim of Defendant in the amount of $19,954.97.

3. That value of Plaintiff's residence is $41,000.00.

4. As there is no value or equity to support the second priority lien of Defendant the claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation and completion of the Plan by the Plaintiff, and entry of the discharge order. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr. N.D.Ill. January 29, 2010).

Dated: 5/25/11

Signed:

_____
Honorable Jack B Schmetterer
United States Bankruptcy Judge

Gleason and Gleason LLC
Attorney for Plaintiff/Debtor
77 W Washington, Suite 1218
Chicago, IL 60602
(312) 445-8825